# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KEITH TATE, | ) | CASE NO. 1:18CV979 |
| | ) | |
| Petitioner, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| CHRISTOPHER LAROSE, Warden, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter comes before the Court on Petitioner Keith Tate's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1). For the foregoing reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and **DENIES** the Petition.

## FACTS

The following is a procedural synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated herein, provides a more complete and detailed discussion.

An Ohio jury found Petitioner guilty of one count of Attempted Murder with Firearm Specifications; two counts of Felonious Assault with Firearm Specifications; and one count of Having a Weapon while Under Disability. For these actions, the Trial Court sentenced Petitioner to a total of seventeen-years in prison. Petitioner appealed his conviction. The Appellate Court affirmed both the conviction and sentence. Petitioner asked the Appellate

Court to reconsider, but the court declined. Petitioner appealed to the Ohio Supreme Court, but that court declined to accept jurisdiction.

On April 30, 2018, Petitioner, through counsel, filed the instant Petition for habeas relief. He asserted five Grounds for Relief, two of which include:

> **GROUND ONE:** Sixth Amendment. Petitioner was denied his right to a speedy trial where a criminal complaint which charged the same offense for which a later indictment was filed showed that there was a lack of any diligence to notify Petitioner of the pending criminal charges.
>
> **GROUND TWO:** Sixth Amendment. Petitioner was denied his right of confrontation and cross-examination where, at trial, the court improperly restricted cross-examination on critical issues. In addition, the court admitted a hearsay exhibit for consideration on the merits of the case.

(Doc. 1, PageID: 5-7).

On June 7, 2019, the Court referred Petitioner's Petition to Magistrate Judge Kathleen B. Burke for a Report and Recommendation. (Doc. 3). On August 9, 2019, Respondent filed his Answer/Return of Writ. (Doc. 7). Petitioner filed a Traverse and Respondent offered a Reply. On December 23, 2019, the Magistrate Judge issued her Report and Recommendation, in which she recommended that the Court deny the Petition. (Doc. 10). On February 7, 2020, Petitioner filed his Objection, an almost carbon-copy of his Traverse. (Doc. 12). Respondent filed a brief Response notifying the Court of this fact. (Doc. 13). Petitioner did not respond.

### STANDARD OF REVIEW

When a Federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d) provides the writ shall not issue unless the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the

facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Further, a Federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The appropriate measure of whether a state court decision unreasonably applied clearly established Federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Id.* at 409-11.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F.3d 487, 493094 (6th Cir. 2004).

## ANALYSIS

**A.     Petitioner's Failure to Specifically Object**

At the outset, the Court notes Defendant's generic and general objections to the Magistrate Judge's Report and Recommendation are improper. The rules governing objections to report and recommendations require parties to *specifically* object to the problematic aspects of the report and recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2) & (b)(3); LR 72.3(b). A party's failure to do so could result in the loss of appellate rights. *Andres v. Comm'r of Soc. Sec.*, 733 Fed. App'x 241, 244 (6th Cir. Apr. 30, 2018). And overly general objections do not satisfy the specific-objection requirement. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Neither does the regurgitation of the same merit brief before the magistrate judge constitute a sufficient objection. *Andres*, 733 Fed. App'x at 243.

Yet that is exactly what Petitioner did here. In his twenty-four page "objection," Petitioner adds just seven new paragraphs. The remainder is a copy and paste of his argument before the Magistrate Judge. (Compare Doc. 8 with Doc. 12). Thus, the majority of Petitioner's objection does not comply with the rules governing objections.

Accordingly, the Court overrules Petitioner's verbatim objections to Grounds Three through Five and adopts the Magistrate Judge's Report and Recommendation. However, the Court will afford Petitioner the benefit of the doubt and entertain his objections to the two grounds addressed below.

**B.     Ground One – Right to a Speedy Trial**

Petitioner claims that his Sixth Amendment right to a speedy trial was violated when he was charged in Municipal Court with the same offense which a County Indictment later addressed. The Magistrate Judge found this claim failed on its merits.[1] In doing so, the Magistrate Judge determined that the State appellate court's decision was not unreasonable as it properly applied Federal law to the facts of Petitioner's case.

Petitioner takes umbrage with the Magistrate Judge's analysis. In doing so, Petitioner claims the state courts erred in their analysis and that the sixteen-month delay between filing the complaint and the arrest of Petitioner was prejudicial.

The Court agrees with the Magistrate Judge. The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right to a speedy trial." *Doggett v. United States*, 505 U.S. 647, 651 (1992) (cleaned up). In protecting that right, the Supreme Court developed a four-factor balancing test "to determine whether there has been a violation of an

---

[1] The Magistrate Judge addressed three possible arguments: 1) pre-indictment delay under the Due Process Clause of the Constitution; 2) Ohio statutory violation; and 3) Federal speedy trial concerns. In his Objection, Petitioner focuses solely on the Federal speedy trial concern and so does the Court in this Order.

accused's constitutional right to a speedy trial." *Norris v. Schotten*, 146 F.3d 314, 326 (6th Cir. 1998). "These four factors are: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant." *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). "No one factor is dispositive. Rather, they are related factors that must be considered together with any other relevant circumstances." *Brown v. Romanowski*, 845 F.3d 703, 712 (6th Cir. 2017) (citing *Barker*, 407 U.S. at 533).

Here, the State appellate court reasonably applied the above law to the facts of Petitioner's case. *See State v. Tate*, 70 N.E.3d 1056, 1064-66 (Oh. Ct. App. 2016). Accordingly, the appellate court's determination is entitled to deference by this Court. 28 U.S.C. § 2254(d). And Petitioner's generic objection neither highlights the appellate court's error nor the Magistrate Judge's erroneous conclusion.

Furthermore, Petitioner's Objection ignores the Magistrate Judge's discussion of when an accused's speedy trial rights attach in the Federal system. Generally, Sixth Amendment speedy trial right "attaches when the defendant is arrested or indicted, whichever is earlier." *Brown*, 845 F.3d at 712-13. Yet, Petitioner focuses on the date the municipal court complaint was filed. Petitioner's Objection makes no specific argument against the Magistrate Judge's potential four-and-one-half month (as opposed to sixteen-month) delay on the analysis.

Finally, Petitioner's Objection can best be summarized as advocating for a bright-line rule that a sixteen-month delay (assuming he is correct) is presumptively prejudicial and no other factor is relevant. But this argument is mistaken. There is no bright-line rule. *Id.* at 717. And in the Sixth Circuit, the defendant is required to show that the delay caused 'substantial prejudice.' *Id.* at 716. The State appellate court found issue with this lack of showing during

Petitioner's appeal. And Petitioner has not even attempted to make that showing in his Federal habeas claim.

Accordingly, the Court agrees with the Magistrate Judge and finds Petitioner's Ground One fails on the merits.

**C.     Ground Two – Inability to Cross-Examine; Hearsay**

Petitioner argues that the trial court violated his Sixth Amendment rights to effectively cross-examine a witness at his trial. He also claims the trial court improperly admitted evidence over his hearsay objection.

The Magistrate Judge recommended that these claims fail on their merits. With respect to the purported Confrontation Clause violations, the Magistrate Judge found that the State appellate court adequately considered these claims and its determination was reasonable. Moreover, Petitioner did not adequately explain why his inability to present a certain question violated his constitutional rights. With respect to the hearsay issue, the Magistrate Judge found that the State appellate court properly applied the harmless error principle to the claim, even if the purported evidence constituted hearsay.

Petitioner's objection on Ground Two is contained in three paragraphs of new analysis, rather than verbatim argument recycled from his Traverse. In those paragraphs, Petitioner challenges the Magistrate Judge's constitutional analysis, claiming that both the State appellate court and Magistrate Judge failed to analyze Ground Two in a "constitutional sense."

The Court agrees with the Magistrate Judge. "The Sixth Amendment guarantees a criminal defendant the right to confront the prosecution's witnesses through cross-examination, *Boggs v. Collins*, 226 F.3d 728, 736 (6th Cir. 2000), as well as 'a meaningful opportunity to present a complete defense,' *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)." *Jordan v. Warden*,

675 F.3d 586, 593 (6th Cir. 2012).  However, "this right is not absolute." *Id.* at 594; *Norris*, 146 F.3d at 329.  Rather, criminal defendants are only guaranteed "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense may wish." *Jordan*, 675 F.3d at 594 (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)).

As such, "[t]rial judges retain great discretion to impose reasonable limits on the cross-examination of witnesses[.]" *Norris*, 146 F.3d at 329.  And a trial court "does not abuse its discretion nor violate the Confrontation Clause by prohibiting testimony where…the relevance of such questions is unclear[.]  *Id.* at 330 (internal citations omitted).  Instead, a criminal defendant must show that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness to state a Confrontation Clause violation.  *Miller v. Genovese*, 994 F.3d 734, 743 (6th Cir. 2021) (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986)).

Even then, "[u]nconstitutional limitations on cross-examination are normally subject to harmless-error analysis." *Hargrave v. McKee*, 248 Fed. App'x 718, 728 (6th Cir. Sept. 27, 2007); *Jordan*, 675 F.3d at 598.  To satisfy this inquiry, the defendant must show that the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Jordan*, 675 F.3d at 598 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  This review is rigorous.  *Miller*, 994 F.3d at 744.  It involves a "holistic inquiry" in determining whether defendant's inability to ask the proposed question harmed the defendant's case.  *Id.* (quoting *Van Arsdall*, 475 U.S. at 684).  In making this determination, courts look at various factors, including "[1] the witness's importance to the State's case, [2] whether [the] testimony was

cumulative of or corroborated by other testimony, [3] other cross-examination the defendant conducted, and [4] 'of course, the overall strength of the prosecutor's case.'" *Id.*

Applying the above here, Petitioner's objection is without merit. Despite his argument to the contrary, both the State appellate court and the Magistrate Judge analyzed Petitioner's Ground Two in a "constitutional sense." By doing so, this Court not only affords the State decision deference, *see* 28 U.S.C. § 2254(d), but also finds the Magistrate Judge's analysis proper. The Court also finds Petitioner's objection does not detail how the purported questions demonstrated a "prototypical form of bias on the part of the witness." *Miller*, 994 F.3d at 743. Even if it did, Petitioner certainly did not show that the inability to ask the two questions had a 'substantial and injurious effect or influence in determining the jury's verdict,' and thus the purported errors are harmless.

Finally, the Court agrees with the Magistrate Judge's hearsay analysis. Petitioner does not object to the Magistrate Judge's admonition that the purported hearsay even qualified as hearsay to begin with. Even if he had, Petitioner cannot overcome other testimony at trial from the witness at issue who testified consistently with the purported hearsay. Again, Petitioner cannot satisfy the harmless error standard.

Accordingly, the Court agrees with the Magistrate Judge and finds Petitioner's Ground Two fails on its merits.

## CONCLUSION

Petitioner's Objection largely reiterates his Traverse word-for-word and is therefore improper. And even if the Court extended Petitioner some leniency for Grounds One and Two, the Court agrees with the Magistrate Judge and finds those grounds meritless.

Accordingly, the Court **ADOPTS AND ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and **DENIES** Petitioner's Petitioner under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases.

**IT IS SO ORDERED.**

                                              s/ Christopher A. Boyko
                                              **CHRISTOPHER A. BOYKO**
                                              **Senior United States District Judge**

**Dated: July 9, 2021**